UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UPEQUITY SPV1, LLC,

    Plaintiff,

v.                                          Case No. 8:24-cv-842-TPB-NHA

MEAGAN GLENNON,

    Defendant.
_____/

## ORDER ON MOTION FOR CLERK'S DEFAULT

The Court grants Plaintiff's motion for entry of Clerk's default against Meagan Glennon (Doc. 10), pursuant to Federal Rule of Civil Procedure 55(a).

### Background

Plaintiff UpEquity SPV1, LLC sues Defendant Meagan Glennon for breach of contract, alleging that Defendant failed to pay Plaintiff for fees relating to the sale of Defendant's home. Doc. 1.

Plaintiff alleges that, on April 10, 2024, a process server personally served Defendant with a copy of the summons and complaint at Defendant's residence in Tampa, Florida. Doc. 8. Plaintiff contends that Defendant was required to respond to the Complaint on or before May 1, 2024, and did not do so. Doc. 10 ¶ 4. Plaintiff now moves for entry of Clerk's default. *Id.*

## Analysis

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment*." In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

Federal Rule of Civil Procedure 4(e) governs the service of process on individuals. It provides that a party may serve an individual by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). An individual may also be served by following state law in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(e)(1).

In Florida, a party may serve an individual by "delivering a copy of [service] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper…." Fla. Stat. § 48.031(1)(a).

Here, Plaintiff fully complied with its obligations under Federal Rule of Civil Procedure 4(e). On April 10, 2024, the process server personally served

2

the summons and complaint on Defendant at her home address of 1005 East Ellicott St., Tampa, Florida 33603. Doc. 8. Under Rule 12(a)(1)(A), Defendant had until May 1, 2024, 21 days after being served with the summons and complaint, to serve an answer or otherwise respond. She did not. Defendant has been served. She has not answered Plaintiff's complaint or otherwise demonstrated an intent to defend herself in this action, and the time to do so has expired. Entry of a Clerk's default is appropriate as to Defendant.

Accordingly, Plaintiff's motion for Clerk's default (Doc. 10) is **GRANTED**:

(1) The Clerk is DIRECTED to enter default against Defendant Meagan Glennon.

(2) Pursuant to Local Rule 1.10, Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment as to Meagan Glennon, or file a paper identifying each unresolved issue necessary to entry of the default judgment against her.

DONE and ORDERED on June 24, 2024.

_Natalie Hirt Adams_
NATALIE HIRT ADAMS
United States Magistrate Judge